■ In the Matter of the Claim of CARL OSTLIND, Deceased, by AGNES OSTLIND, His Widow, Respondent, v. IRVING FELDMAN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employers and their insurance carrier from a decision of the Workmen's Compensation Board, filed June 15, 1971. On November 18, 1965, the employers filed a report of injury indicating that claimant, now deceased, had received a head injury on September

23, 1965 while employed as a handyman; that the employers had provided immediate medical care; and that there were no witnesses to the accident. On November 19, 1965 a claim for compensation was filed on behalf of claimant indicating that claimant was injured while pulling on a rope to remove a sailboat from Lake Mahopac, when the rope broke and he fell and struck his head. Claimant's wife and a disinterested witness testified that claimant had told them about the fall, and claimant's son testified that on the afternoon after the accident claimant, when he attempted to talk, was able to say the words rope, push, broke and fell. The medical experts agreed that claimant had incurred an occlusion of the internal carotid artery with aphasia and hemiparis, and that he had an underlying arteriosclerosis. They disagreed, however, on causal relationship. The board found that the hearsay testimony of claimant's witnesses was corroborated by the evidence in the employers' report of injury and also found accidental injury arising out of and in the course of employment. On this appeal the employers and carrier contend that there is no substantial probative evidence to support the board's finding that the hearsay testimony was corroborated by the employers' report of injury. Here, the employers' report of injury states that claimant received a head injury while he was working and, therefore, constitutes only an admission of a head injury but not as to the cause thereof. Claimant was, however, in good health on the morning of the accident; he did go to work; and it is not disputed that his duties required the removal of boats from the lake, and his son testified that he found the broken rope at the boathouse and also saw a bruise on claimant's head. The board's finding of sufficient corroboration is supported by substantial evidence, and the issue of credibility and the choice between the conflicting medical opinions was properly within the province of the board to determine. (*Matter of Rambold* v. *Whitney,* 4 A D 2d 906, mot. for lv. to app. den. 4 N Y 2d 673; *Matter of Keller* v. *Montgomery Ward & Co.,* 2 A D 2d 402.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Reynolds, JJ., concur.